UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:22-CR-3-TAV-DCP-2 |
| | ) | |
| OSCAR CRUZ RAMIREZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's Motion for Revocation of Detention Order [Doc. 63]. Defendant seeks revocation of the order of detention issued by Magistrate Judge Debra C. Poplin [Doc. 38]. The government filed a response [Doc. 74]. For the reasons discussed below, defendant's motion [Doc. 63] will be **DENIED**.

## I.     Background

The superseding indictment in this case charges defendant with conspiring to distribute five kilograms or more of cocaine and one kilogram or more of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) [Doc. 29]. The superseding indictment further charges defendant with committing conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 [*Id.*]. On February 17, 2022, the parties appeared before Magistrate Judge Debra C. Poplin for an arraignment on the superseding indictment and a detention hearing [Doc. 67]. Judge Poplin heard testimony and argument and took the matter under advisement [*Id.*].

On February 22, 2022, Judge Poplin issued an order finding defendant presents a danger to the community and flight risk and accordingly ordering pretrial detention [Doc. 38]. Judge Poplin noted that a rebuttable presumption for detention applied, and while defendant presented sufficient evidence to rebut the presumption, the circumstances warranted pretrial detention [*Id.*]. Judge Poplin highlighted the weight of the evidence, defendant's potential lengthy period of incarceration if convicted, defendant's criminal history, defendant's ties to Mexico, and defendant's prior instance of failing to appear in court [*Id.*].

Defendant subsequently filed the instant motion for this Court to revoke the detention order under 18 U.S.C. § 3145(b) [Doc. 63]. Defendant argues the evidence presented warrants his release.

## II.    Analysis

"If a person is ordered detained by a magistrate [judge], . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court reviews *de novo* a magistrate judge's order of pretrial detention. *United States v. Blair*, No. 3:15-CR-56-TAV-HBG, 2015 WL 3486026, at *1 (E.D. Tenn. June 2, 2015) (citations omitted).

Under 18 U.S.C. § 3142(e)(1), if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the

2

detention of the person before trial." "The government must prove risk of flight by a preponderance of the evidence" and "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). As the Sixth Circuit has stated, "the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and . . . the safety of the community." *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010).

"[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance[ or] firearm . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including[:] (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C § 3142(g). However, according to 18 U.S.C. § 3142(e)(3)(A):

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed[:] (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

Application of this rebuttable presumption shifts the burden of production to the defendant; however, the government retains the burden of persuasion. *Stone*, 608 F.3d at 945. The

3

defendant satisfies its burden of production by presenting evidence that "he does not pose a danger to the community or a risk of flight." *Id.* (citation omitted).

After an independent, *de novo* review, the Court agrees with Judge Poplin that pretrial detention is appropriate. As a preliminary matter, the Court finds the rebuttable presumption applies. As stated, a grand jury has charged defendant with violating 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) by conspiring to distribute cocaine and heroin [Doc. 29]. The maximum term of imprisonment for this offense is life. 21 U.S.C. § 841(b)(1)(A). Thus, probable cause exists to believe defendant has committed an offense described in 18 U.S.C. § 3142(e)(3)(A). *See Hinton*, 113 F. App'x at 77 ("The indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption." (citations omitted)).

While the rebuttable presumption applies, the Court finds defendant has adduced sufficient evidence to rebut it. For example, defendant's wife and sister each testified they could and would dutifully serve as a third-party custodian [Doc. 67 pp. 53–54, 59–60]. Moreover, defendant provided evidence indicating he would have steady employment if released and that he has strong ties to his family members, most who live in Knoxville [*Id.* at 50–52, 57–58]. Furthermore, defendant has relatively minimal and nonviolent criminal history [Doc. 36 (Exhibit 1)].

However, while defendant rebutted the presumption of detention under § 3142(e)(3)(A), the Court finds that the government nevertheless satisfied its burden to demonstrate that no conditions would reasonably assure the safety of the community and

4

the appearance of defendant at future proceedings. First, the nature and circumstances of defendant's offense support pretrial detention. Even when a defendant rebuts the § 3142(e)(3)(A) presumption, the presumption remains a factor the court should consider because the presumption itself "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Stone*, 608 F.3d at 945–46 (citations omitted); *see also United States v. Marcrum*, 953 F. Supp. 2d 877, 880–81 (W.D. Tenn. 2013) (citation omitted). The instant offense involved roughly 11 kilograms of heroin and 49 kilograms of cocaine, and officers located a firearm near controlled substances in a location defendant frequented [Doc. 67 pp. 20–22, 24–25]. *See* 18 U.S.C § 3142(g)(1) (noting courts should consider whether the offense involved controlled substances or firearms).

Defendant takes issue with Judge Poplin's characterization of defendant as a "leader" in the conspiracy [Doc. 38-1 pp. 2, 4]. While defendant undoubtedly received narcotics from some higher-level distributor or manufacturer and while some testimony reflects that defendant was a "partner" in the conspiracy, testimony equally reflects that defendant "was more of [a] leader" [Doc. 67 pp. 21, 32]. Indeed, defendant owned a vehicle and the home where a substantial quantity of drugs and cash were located [*Id.* at 29, 35].

Second, the weight of the evidence supports pretrial detention. "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948 (citations omitted). The Sixth Circuit has

5

repeatedly affirmed, "on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Id.* at 947 n.6, 947–49 (citations omitted) (indicating the presence of firearms weighs in favor of dangerousness); *see also United States v. Beard*, 528 F. Supp. 3d 764, 773 (N.D. Ohio 2021) (noting that drug dealing is "an inherently dangerous activity" (citation omitted)). As already stated, at a house defendant owned, officers found an extremely high quantity of controlled substances, and separately, officers located a firearm and controlled substances at a location defendant frequented [Doc. 67 pp. 20–22, 24–25]. Moreover, a confidential informant admitted to purchasing nearly a pound of cocaine per month from defendant for eight years [*Id.* at 30–31].

Third, the Court finds defendant's history and characteristics support pretrial detention. Notably, defendant has numerous ties to Mexico. Defendant was born in Mexico, remains a Mexican citizen, and has regular contact with his brother who resides in Mexico and who defendant has visited as recently as 2017 [Doc. 36 (Exhibit 1); Doc. 67 p. 53]. Defendant argues his family connections to Knoxville, his long-time residence in Knoxville, and the fact that he is willing to forfeit his passports suggests he is not a flight risk [Doc. 63 p. 3], but the Court finds defendant's connections to Mexico, his substantial assets, and his prior conviction for failure to appear adequately demonstrate his risk of flight [*See* Doc. 36 (Exhibit 1)].

The Court also finds defendant's criminal history weighs in favor of pretrial detention. A court may "consider both actual convictions and mere arrests or indictments

6

to assess the defendant's dangerousness, though the latter will typically weigh less heavily in favor of detention." *United States v. Tolbert*, Nos. 3:09-CR-56-TAV-HBG, 3:10-CR-30-TAV-HBG, 2017 U.S. Dist. LEXIS 198744, at *13–14 (E.D. Tenn. Dec. 4, 2017) (citations omitted). *Inter alia*, defendant's criminal history involves a petty theft conviction in 1996, a conviction for failure to appear in 2006, and an immigration arrest in 2007 [*See* Doc. 36 (Exhibit 1)]. While this criminal history is relatively minimal, the Court finds defendant's criminal history—and particularly his failure to appear conviction—suggests he presents a risk of flight, particularly when combined with his ties to Mexico and substantial assets.[1]

Finally, the Court finds the nature and seriousness of the danger defendant would present upon release weighs in favor of pretrial detention. As noted, while defendant has relatively minimal and nonviolent criminal history, his current charges are serious. His alleged offenses involved an extreme quantity of controlled substances and at least one firearm [Doc. 67 pp. 20–22, 24–25].

For the foregoing reasons, the Court agrees with Judge Poplin that the § 3142(g) factors support pretrial detention because defendant presents a danger to the community and a flight risk. Defendant's arguments to the contrary do not change the Court's

---

[1]  Defendant highlights the age of his criminal history and that his failure to appear conviction most likely related to a neglected traffic ticket [Doc. 63 p. 3]. While the Court considers the age and cause of defendant's prior convictions, the Court nonetheless finds his convictions demonstrate a risk of flight for the reasons stated.

7

conclusions.  Therefore, defendant's Motion for Revocation of Detention Order [Doc. 63]

will be **DENIED**.

## III.    Conclusion

For the foregoing reasons, defendant's Motion for Revocation of Detention Order

[Doc. 63] is hereby **DENIED**.  Defendant shall remain detained pending trial.

IT IS SO ORDERED.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE